FILED

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

2014 MAY 16  P 4: 27

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **LINKGINE, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 1:14-CU-571 |
| | ) (CMH/TRJ) |
| **SKIMLINKS INC. and ,** | ) |
| **SKIMBIT LTD.,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Linkgine, Inc. ("Linkgine") brings this Complaint for patent infringement against

defendant Skimlinks Inc. and Skimbit Ltd. (collectively "Skimlinks"), and hereby states as

follows:

### NATURE OF THE ACTION

This is an action for patent infringement of United States Patent No. 7,818,214 (the

"'214 Patent") and United States Patent No. 8,027,883 (the "'883 Patent") (collectively,

the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*,

and seeking damages and injunctive and other relief under 35 U.S.C. § 281, *et seq.*

### PARTIES

1.      Linkgine, Inc. is a corporation existing under the laws of Delaware, with its

principal place of business at 2300 Wilson Boulevard, Suite 204, Arlington, Virginia 22201.

Linkgine's Chief Technical Officer, Will Donaldson, is the sole named inventor of the

Patents-in-Suit.  In 1996, Mr. Donaldson was appointed the first webmaster for the United

States Marine Corps.  Since then Mr. Donaldson has resided in Arlington and Linkgine has

conducted its business from within the Eastern District of Virginia and within the Alexandria

Division.

1

2.     Defendant Skimlinks Inc. is a corporation operating and existing under the laws of Delaware, with its principal place of business at 235 Pine Street, Suite 1050, San Francisco, California 94104.  Defendant Skimlinks is engaged in the business of online affiliate marketing.  Defendant Skimlinks conducts business within the Eastern District of Virginia and within the Alexandria Division, including performing the steps of the infringement alleged herein.

3.     Defendant Skimbit Ltd. is a U.K. corporation operating and existing under the laws of England and Wales, with a registration number of 06347796, with its registered office at Transworld House, 100 City Road, London EC1Y 2BP, United Kingdom, and with its principal place of business at 52 Bevenden Street, 2nd Floor, London N1 6BL, United Kingdom.  Defendant Skimbit is engaged in the business of online affiliate marketing.

4.     Defendant Skimlinks Inc. is a wholly owned subsidiary of Defendant Skimbit Ltd.

## JURISDICTION AND VENUE

5.     This is a complaint for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendants Skimlinks and Skimbit because they conduct substantial business in this district, directly or through intermediaries, including: (i) at least a portion of the infringement alleged herein; (ii) causing infringing software processes and methods to be performed in this district; and (iii) regularly doing or soliciting business in this district, engaging in other persistent courses of conduct in this district, deriving substantial revenue from services provided to individuals in this district,

maintaining continuous and systematic contacts with this district, and/or purposefully availing itself of the privileges of doing business in Virginia.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b), because Skimlinks and Skimbit are subject to personal jurisdiction in this judicial district and have committed and continue to commit acts of infringement in this judicial district.

## FACTUAL BACKGROUND

9.      On October 19, 2010, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '214 Patent, titled "Affiliate Manipulation System and Method." The '214 Patent is attached hereto as **Exhibit A**.

10.      On September 27, 2011, the USPTO duly and lawfully issued the '883 Patent, titled "Affiliate Manipulation System and Method." The '883 Patent is attached hereto as **Exhibit B**.

11.      Each of the Patents-in-Suit is valid and enforceable.

12.      Linkgine is the assignee of all rights, title, and interest in and to the Patents-in-Suit. Linkgine holds the right to sue and recover damages for infringement thereof, including past infringement.

13.      The technology protected by the Patents-in-Suit allows Internet users to optimally monetize content they publish on the Internet through affiliate programs. A traditional affiliate program includes four parts: (i) a Buyer; (ii) a Retailer; (iii) a publisher, also known as an Affiliate; and (iv) a Network for payments.

14.      When an individual publishes content on the Internet discussing products available for purchase, that individual (the "Affiliate") can provide a link to a Retailer who sells the products. If a Buyer clicks on that link and then purchases the product, the Affiliate potentially receives a commission from the Retailer through a Network. To ensure credit is

given to the Affiliate, the links to the Retailer contain a specific code ("Affiliate ID") that identifies the specific Affiliate to whom commission should be paid.

15.     By way of example, suppose an Affiliate maintains a photography blog discussing a certain camera model. The Affiliate can create an Affiliate Link to the Retailer. This Affiliate Link contains the data necessary to identify the Affiliate to direct Buyers to a Retailer who sells the camera. If the Buyer clicks that Affiliate Link and then purchases the camera, the Retailer will pay the Affiliate a commission through the Network.

16.     Linkgine improved upon the existing Affiliate program by identifying additional opportunities and automating the modification of Affiliate Links, thus providing a mechanism to optimize the revenue to Affiliates. In the example above, an Affiliate Link for a camera is directed to a specific Retailer. Linkgine's patented methodology dynamically analyzes the link to identify other possible Retailers for the camera and includes the most appropriate link to the Buyer. This optimization can be based on a nearly unlimited set of criteria that ultimately result in improved revenue and/or benefits to the Affiliate. Exemplary criteria include the location of the product, availability of the product, Retailer pricing of the product, substitute brands for the product, commission rate paid by the Retailer, or other preferences of the Affiliate.

17.     Defendants Skimlinks and Skimbit, directly or through intermediaries, have acted and are acting to allow Internet users to optimally monetize content they publish on the Internet through affiliate programs. Skimlinks' and Skimbit's core service suite, which encompasses SkimLinks and Link API, provide the exact same platform and process as Linkgine's patented methodology. This platform and process have been and continue to be used by consumers in the United States, the Commonwealth of Virginia, and the Eastern District of Virginia.

4

18.     Defendants Skimlinks and Skimbit employ infringing software methods and processes to automatically analyze links published on the Internet and automatically update the links, through at least their SkimLinks and Link API services.  Skimlinks' and Skimbit's making, selling, using and offering for sale of these automatic updating methods and processes infringe, either literally or by equivalents, one or more claims of the Patents-in-Suit in violation of 35 U.S.C. § 271.  Defendants Skimlinks and Skimbit cause their infringing software methods and processes to be performed on servers, at least some of which are located in this judicial district and within the Alexandria Division.

## COUNT I: INFRINGEMENT OF THE '214 PATENT

19.     Linkgine realleges and incorporates by reference paragraphs 1-18.

20.     Skimlinks and Skimbit, as part of the provision and use of their affiliate-link updating platforms, including SkimLinks and Link API, have used and continue to use software processes in the United States for automatically updating affiliate links in Internet content, and have made, used, offered to sell, and/or sold, and continue to make, use, offer to sell, and/or sell, services using those processes in the United States, including in this judicial district.  By using the aforementioned software processes, Skimlinks and Skimbit have directly infringed the '214 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, including direct infringement of independent claims 1 and 7 and one or more claims dependent on claim 1.

21.     Skimlinks and Skimbit have had knowledge of the '214 Patent since at least as early as June 2013, through oral discussions between Mark McDonald, Senior Director of Business Development at Skimlinks, and Roy Moffett, Chief Operating Officer of Linkgine, regarding the patented technology, including the identification of the '214 Patent.  At the urging of Mr. McDonald, Mr. Moffett continued the discussions with Aaron Poledna of Perkins Coie.  Since learning of the '214 Patent, Skimlinks and Skimbit have continued to

use the software processes in their SkimLinks and Link API services to infringe the '214 Patent.

22.     The further provision and/or use by Skimlinks and Skimbit of the aforementioned affiliate-link updating platforms, including SkimLinks and Link API, demonstrates a deliberate and conscious decision to infringe the '214 Patent or, at the very least, a reckless disregard of Linkgine's patent rights.  By continuing to provide or use the aforementioned affiliate-link updating platforms following their notice of the '214 Patent claims, Skimlinks' and Skimbit's infringement is willful and Linkgine is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest, under 35 U.S.C. §§ 284 and 285.

23.     Skimlinks and Skimbit, by way of their infringing activities, have caused and continue to cause Linkgine to suffer damages in an amount to be determined at trial. Linkgine has no adequate remedy at law against Skimlinks' and Skimbit's acts of infringement and, unless Skimlinks and Skimbit are enjoined from their infringement of the '214 Patent, Linkgine will suffer irreparable harm.

## COUNT II: INFRINGEMENT OF THE '883 PATENT

24.     Linkgine realleges and incorporates by reference paragraphs 1-23.

25.     Skimlinks and Skimbit, as part of the provision and use of their affiliate-link updating platforms, including SkimLinks and Link API, have used and continue to use software processes in the United States for automatically updating affiliate links in Internet content, and have made, used, offered to sell, and/or sold, and continue to make, use, offer to sell, and/or sell, services using those processes in the United States, including in this judicial district.  By using the aforementioned software processes, Skimlinks and Skimbit have directly infringed the '883 Patent under 35 U.S.C. § 271(a), either literally or under the

doctrine of equivalents, including direct infringement of independent claims 1 and 8 and one or more claims dependent on claim 1.

26. Skimlinks and Skimbit have had knowledge of the '883 Patent since at least as early as June 2013, through oral discussions between Mark McDonald, Senior Director of Business Development at Skimlinks, and Roy Moffett, Chief Operating Officer of Linkgine, regarding the patented technology, including the identification of the '883 Patent. At the urging of Mr. McDonald, Mr. Moffett continued the discussions with Aaron Poledna of Perkins Coie. Since learning of the '883 Patent, Skimlinks and Skimbit have continued to use the software processes in their SkimLinks and Link API services to infringe the '883 Patent.

27. The further provision and/or use by Skimlinks and Skimbit of the aforementioned affiliate-link updating platforms, including SkimLinks and Link API, demonstrates a deliberate and conscious decision to infringe the '883 Patent or, at the very least, a reckless disregard of Linkgine's patent rights. By continuing to provide or use the aforementioned affiliate-link updating platforms following their notice of the '883 Patent claims, Skimlinks' and Skimbit's infringement is willful and Linkgine is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest, under 35 U.S.C. §§ 284 and 285.

28. Skimlinks and Skimbit, by way of their infringing activities, haved caused and continue to cause Linkgine to suffer damages in an amount to be determined at trial. Linkgine has no adequate remedy at law against Defendants' acts of infringement and, unless Skimlinks and Skimbit are enjoined from their infringement of the '883 Patent, Linkgine will suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Linkgine respectfully requests that this Court enter judgment in its favor as follows:

A.    Holding that Skimlinks and Skimbit have willfully infringed the '214 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a);

B.    Holding that Skimlinks and Skimbit have willfully infringed the '883 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a);

C.    Permanently enjoining Skimlinks and Skimbit and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '214 Patent;

D.    Permanently enjoining Skimlinks and Skimbit and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '883 Patent;

E.    Permanently enjoining the use of Skimlinks' and Skimbit's affiliate-link updating platforms using the patented methods of the Patents-in-Suit;

F.    Awarding to Linkgine the damages to which it is entitled under 35 U.S.C. § 284 for Skimlinks' and Skimbit's past infringement and any continuing or future infringement up until the date Skimlinks and Skimbit are finally and permanently enjoined from further infringement, including compensatory damages and treble damages for willful infringement;

    G.       Declaring this to be an exceptional case and awarding Linkgine attorneys' fees

under 35 U.S.C. § 285;

    H.       Awarding Linkgine costs and expenses in this action;

    I.       Awarding Linkgine pre- and post-judgment interest on its damages; and

    J.       Awarding Linkgine such other and further relief in law or in equity as this

Court deems just and proper.


### DEMAND FOR JURY TRIAL

Linkgine, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by

jury of any issues so triable by right.


Dated:  May 16, 2014      THE LAW OFFICES OF PHILIP HARVEY
                      500 Montgomery Street, Suite 400
                      Alexandria, Virginia 22314
                      Tel: (571) 527-1431
                      Fax: (703) 627-6259

                      By:  *Philip J. Harvey*
                          Philip J. Harvey (VSB #37941)
                          pharvey@fiskeharvey.com

                      *Counsel for Plaintiff*


Of Counsel:

MISHCON DE REYA NEW YORK LLP
John F. Petrsoric
Mark S. Raskin
Robert A. Whitman
750 7th Avenue, Floor 26
New York, New York 10019
Tel:   212.612.3270
Fax:   212.612.3297
john.petrsoric@mishcon.com
mark.raskin@mishcon.com
robert.whitman@mishcon.com